**Yassar Hussein ABDALLAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–1730–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Bibiana C. Andrade, Flushing, NY, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey, Peter W. Gaeta, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Yassar Hussein Abdallah, a native and citizen of Yemen, seeks review of a March 13, 2006 order of the BIA partially adopting the October 27, 2004 decision of immigration judge ("IJ") Brigitte Laforest denying Abdallah's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yassar Hussein Abdallah*, No. A77 530 210 (B.I.A. March 13, 2006), *aff'g* A77 530 210 (Immig. Ct. N.Y. City October 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006).

The IJ determined that although Abdallah had testified credibly, he did not establish facts rising to the level of past persecution. This Court reviews IJ's application of the particular facts to the definition of persecution *de novo*. *See Yves Gautier Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281–82 (2d Cir.2006); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). In *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), the BIA interpreted past persecution to mean "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). This Court has previously explained that persecution must rise above mere harassment, but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004).

The IJ's determination that Abdallah did not establish past persecution was correct, as Abdallah provided no evidence or testimony showing that he suffered any harm, violence, or abuse. Additionally, Abdallah's argument that the IJ failed to sufficiently analyze his past persecution claim is meritless, as the IJ explicitly discussed the appropriate standard, and cogently stated that the events to which he testified did not meet the standard.

Relying heavily on the State Department Country Report on Human Rights Practices for Yemen for 2003, the IJ determined that Abdallah did not establish a well-founded fear of future persecution on

account of his former affiliation with the air force. This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). In *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) we warned against overreliance on State Department Country reports. Nonetheless, we have also held that State Department reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Here, the IJ considered the State Department's country materials in conjunction with Abdallah's testimony and submitted documentary evidence and reasonably determined that nothing indicated that he would be persecuted on account of his former affiliation with the air force, ten years prior to his hearing.

The IJ thus appropriately determined that Abdallah failed to meet his burden of proof for asylum. Because Abdallah was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Because Abdallah has failed to sufficiently argue the merits of the IJ's denial of CAT relief and the BIA's rejection of his ineffective assistance of counsel claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.